In re Petition for DISCIPLINARY AC-
TION AGAINST James Earl SCHAE-
FER, a Minnesota Attorney, Registra-
tion No. 183039.

No. A06–344.

Supreme Court of Minnesota.

March 21, 2006.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent James Earl Schaefer committed professional misconduct warranting public discipline, namely, neglect of a client matter and disobedience of court orders resulting in sanctions and entry of judgment against his client, in violation of Minn. R. Prof. Conduct 1.1, 1.3, 1.4, 1.16, 3.4(c), and 8.4(d).

Respondent admits his conduct has violated the Rules of Professional Conduct, waives his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a six-month suspension followed by two years of supervised probation, subject to the following conditions:

(a) Reinstatement to active practice is conditioned upon: (1) compliance with the hearing requirements of Rule 18, RLPR; (2) payment of costs in the amount of $900 pursuant to Rule 24(d), RLPR; (3) compliance with the notice requirements of Rule 26, RLPR; (4) successful completion of the professional responsibility examination pursuant to Rule 18(e), RLPR; (5) satisfaction of all continuing legal education requirements pursuant to Rule 18(e), RLPR; (6) proof of malpractice insurance; and (7) proof

that respondent is making a good faith effort to make restitution to Zafer Dyab.

(b) Upon reinstatement to active practice, respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date of this order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph (c) below. Respondent shall make active client files available to the Director upon request.

(c) Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(d) Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients,

courts, and other persons interested in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(e) Respondent shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(f) Respondent shall abide by the Minnesota Rules of Professional Conduct.

This court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent James Earl Schaefer is suspended from the practice of law for six months, effective 14 days from the date of this order, subject to the conditions set forth above.

BY THE COURT:

/s/ Helen M. Meyer
Associate Justice