**In re Petition for Reinstatement to the Practice of Law of James Earl SCHAEFER, Registration No. 183039.**

**No. A10–2253.**

Supreme Court of Minnesota.

March 3, 2011.

### ORDER

In 2006 we indefinitely suspended petitioner James Earl Schaefer from the practice of law for a minimum of six months for neglect of a single client matter that resulted in the entry of a default judgment against the client. *In re Schaefer,* 711 N.W.2d 467, 468 (Minn.2006). Petitioner applied for reinstatement in 2010 and a hearing was held before a panel of the Lawyers Professional Responsibility Board. The panel found that petitioner has proven by clear and convincing evidence that he has undergone the requisite moral change to now render him fit to resume the practice of law. *See In re Swanson,* 343 N.W.2d 662, 664 (Minn. 1984). The panel also found that petitioner has proven by clear and convincing evidence that he possesses the intellectual capacity to practice law. The panel further found that petitioner has complied with the notice requirements of Rule 26, Rules on Lawyers Professional Responsibility (RLPR); has paid the costs required under Rule 24, RLPR; has successfully completed the professional responsibility portion of the state bar examination; is current with continuing legal education requirements; has satisfied in full the client judgment against him; and has obtained a quote for malpractice insurance, the issuance of which awaits petitioner's reinstatement to the practice of law. The panel recommends that petitioner be reinstated and placed on probation for a period of two years. Both petitioner and the Di-

rector of the Office of Lawyers Professional Responsibility accept the panel's recommendation.

The court has independently reviewed the file and approves the panel's recommendations.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that petitioner James Earl Schaefer be, and the same is, reinstated to the practice of law and placed on probation for a period of two years, subject to the following terms and conditions:

(a) Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with probation. Petitioner shall provide the Director's Office with a current mailing address and shall immediately notify the Director of any change of address. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Petitioner shall promptly respond to the Director's correspondence by the due date. Upon the Director's request, petitioner shall authorize the release of information and documentation to verify compliance with the terms of this probation.

(b) Petitioner shall abide by the Minnesota Rules of Professional Conduct.

(c) Before engaging in the private practice of law, petitioner shall provide the Director with proof of malpractice insurance.

(d) In that petitioner's practice will be limited in scope and size, petitioner shall be supervised by the Director's Office. Petitioner shall notify the Director immediately upon taking on any client matter, including any pro bono representation. Thereafter, by the first day of each month during the remainder of the probation period, petitioner shall provide the Director with an inventory of active client files, including all pro bono client matters. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, date of most recent activity, next anticipated action, and anticipated closing date. Petitioner shall make active client files available to the Director upon request.

BY THE COURT:

/s/Alan C. Page
Associate Justice