**In re Petition for DISCIPLINARY ACTION AGAINST Kent Frederick STRUNK, a Minnesota Attorney, Registration No. 288391.**

**No. A07–1901.**

Supreme Court of Minnesota.

Feb. 14, 2008.

ORDER

On October 5, 2007, the Director of the Office of Lawyers Professional Responsibility filed a petition alleging that respondent Kent Frederick Strunk committed professional misconduct warranting public discipline, namely, failing to competently and diligently handle an appeal, failing to comply with orders of the Minnesota Court of Appeals resulting in dismissal of the client's appeal, failing to keep the client informed of the status of the case, falsely telling the client the appeal was pending after it had been dismissed by the court of appeals, failing to promptly notify the client of the dismissal of the appeal, in

violation of Rules 1.1, 1.3, 1.4(a), 3.4(c), 4.1, 8.4(c), and 8.4(d), Minn. R. Prof. Conduct (MRPC), and making a false statement to the Director, in violation of Rule 8.1(b), MRPC, and Rule 25, Rules on Lawyers Professional Responsibility (RLPR). Respondent did not serve or file an answer to the petition and, by order filed on November 20, 2007, we deemed the allegations of the petition admitted under Rule 13(b), RLPR. Oral argument was scheduled for February 7, 2008, as to the appropriate discipline to be imposed.

On February 6, 2008, the Director notified the court that the parties had reached a stipulation for disciplinary action. Under the parties' stipulation, respondent admits the allegations of the petition, waives his procedural rights under Rule 14, RLPR, and with the Director recommends that the appropriate discipline is an indefinite suspension for at least 90 days, with no right to petition for reinstatement under Rule 18(a)-(d), RLPR, for at least 60 days.

The court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that respondent Kent Frederick Strunk is indefinitely suspended from the practice of law for a minimum of 90 days, effective as of the date of filing of this order. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals). Respondent may petition for reinstatement under Rule 18(a)-(d), RLPR, no less than 60 days after the date of filing of this order. Reinstatement is further conditioned upon successful completion of the professional responsibility portion of the state bar examination within one year of the date of filing of this order, and satisfaction of continuing legal education requirements under Rule 18(e), RLPR. Respondent shall pay costs of $900 pursuant to Rule 24, RLPR.

BY THE COURT:

/s/Alan C. Page
Associate Justice