**In re Petition for Reinstatement of Kent Frederick STRUNK, to the Practice of Law in the State of Minnesota, Registration No. 288391.**

No. A08–1064.

Supreme Court of Minnesota.

Dec. 28, 2009.

## ORDER

On February 15, 2008, we indefinitely suspended petitioner Kent Frederick Strunk from the practice of law with no right to petition for reinstatement for at least 90 days for failing to diligently handle an appeal, failing to comply with a court of appeals order resulting in the dismissal of the client's appeal, failing to keep the client informed of the status of the matter, failing to promptly notify the client of the dismissal of the matter, falsely telling the client the appeal was still pending after it had been dismissed, and making a false statement during the disciplinary investigation. *In re Strunk,* 744 N.W.2d 397, 397–98 (Minn.2008).

Petitioner applied for reinstatement in June 2008 and a hearing was held before a panel of the Lawyers Professional Responsibility Board. The panel found that petitioner has proven by clear and convincing evidence that he is competent and morally fit to resume the practice of law. *See In re Swanson,* 343 N.W.2d 662, 664 (Minn. 1984) (providing that the burden is on the lawyer to establish by clear and convincing evidence the moral fitness to resume the practice of law). The panel further found that petitioner has complied with Rule 26, Rules on Lawyers Professional Responsibility (RLPR), paid costs under Rule 24, RLPR, successfully completed the professional responsibility portion of the state bar examination, and is current with continuing legal education requirements. The panel recommended that petitioner be reinstated to the practice of law, be placed on supervised probation for a period of two years, and be subject to other practice limitations. Petitioner and the Director accept the panel's recommendation.

The court has independently reviewed the file and agrees with the panel's recommendation.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that effective immediately petitioner Kent Frederick Strunk is reinstated to the practice of law and placed on probation subject to the following terms and conditions:

(a) Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with his probation. Petitioner shall promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, petitioner shall provide authorization(s) for release of information and documentation to verify compliance with the terms of this probation.

(b) Petitioner shall abide by the Minnesota Rules of Professional Conduct.

(c) Before resuming the practice of law, petitioner shall notify the Director and shall provide the Director with the names of four lawyers who have agreed to be nominated as petitioner's supervisor. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Petitioner shall not engage in the practice of law until a supervisor has been appointed.

(d) Petitioner shall provide his probation supervisor with written office proce-

dures that will ensure that petitioner promptly responds to correspondence, telephone calls, and other communications from clients, courts, and other persons interested in matters that petitioner is handling, and that will ensure that petitioner regularly reviews each and every file and completes legal matters on a timely basis. Petitioner shall not engage in the practice of law until his supervisor has approved petitioner's written office procedures.

(e) Once petitioner has resumed the practice of law, petitioner shall comply with the following additional terms:

(1) Petitioner shall be supervised by a licensed Minnesota lawyer, appointed by the Director to monitor petitioner's compliance with the terms of this probation.

(2) Petitioner shall cooperate fully with his supervisor's efforts to monitor compliance with probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per month. During the first two months of probation, petitioner shall provide the supervisor with an inventory of all active client files by the first and fifteenth day of each month. Thereafter, for the remainder of the probation, petitioner shall provide the inventory by the first day of each month. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date.

(3) Petitioner's supervisor shall file written reports with the Director at least monthly for the first two months of probation and bimonthly thereafter, or at such more frequent intervals as the Director may reasonably request. In the Director's sole discretion, the Director may modify this condition of probation and require that the supervisor's reports be filed no less frequently than quarterly.

(4) During probation, petitioner shall follow and comply with the office procedures referenced in paragraph (d) above.

(5) If petitioner maintains a trust account, he shall maintain trust account books and records (including a checkbook register, client subsidiary ledgers, trial balances, and reconciliations) in compliance with Rule 1.15, Minnesota Rules of Professional Conduct, as interpreted by Appendix 1 thereto. Petitioner shall make his trust account books and records available to the Director at such intervals as the Director deems necessary or appropriate.

(6) While engaged in solo practice, petitioner shall limit his practice as follows:

(i) Petitioner may represent criminal defendants in Minnesota state district courts. Petitioner shall not handle appellate work, certified questions to an appellate court, requests to an appellate court for a writ, or petitions for review.

(ii) Petitioner may accept civil cases only in association with and subject to the direction of another law firm, excluding lawyers in solo practice. Petitioner may accept appointments by the district court to represent parties in contempt of court proceedings stemming from child support obligations as a quasi-criminal matter.

(iii) Petitioner shall have no more than 50 open client files at a time.

(iv) The Director may modify these restrictions at petitioner's request if the Director determines that modification is reasonable and prudent.

(f) Probation shall terminate two years after petitioner resumes the practice of law.

BY THE COURT:

/s/Alan C. Page
Associate Justice