**In re Petition for DISCIPLINARY ACTION AGAINST John C. HOTTINGER, a Minnesota Attorney, Registration No. 4734X.**

**No. A07–264.**

Supreme Court of Minnesota.

May 14, 2007.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent John C. Hottinger committed professional misconduct warranting public discipline, namely, misappropriation of $8,820 of a client's settlement funds from respondent's trust account for a period of six months, in violation of Rules 1.15(a) and 8.4(c), Minnesota Rules of Professional Conduct.

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is an indefinite suspension with no right to petition for reinstatement for a minimum of 18 months. Reinstatement is further conditioned upon successful completion of the professional responsibility portion of the bar examination under Rule 18(e)(2), RLPR, and satisfaction of continuing legal education requirements under Rule 18(e)(4), RLPR. The reinstatement hearing

required by Rule 18(d), RLPR, is not waived.

The court has independently reviewed the file. Although the misappropriation of client funds is a serious matter typically warranting disbarment, the court notes that the stipulated discipline is in line with the discipline imposed in *In re DeVaughn*, 722 N.W.2d 927 (Minn.2006) (indefinite suspension with no right to apply for reinstatement for at least 18 months for misappropriation of $7,750 in client funds), and *In re Rooney*, 709 N.W.2d 263 (Minn. 2006) (18–month suspension followed by three years of supervised probation for misappropriation of $27,700 in client funds where attorney had no prior disciplinary history, exhibited genuine remorse, made complete restitution, performed significant pro bono work, and was a long-time public servant). The court further notes that respondent has no prior disciplinary history in over 34 years of practice, has exhibited genuine remorse for his conduct, has made complete restitution of all missing funds, has done significant pro bono work throughout the course of his legal career, and has been a long-time public servant. Although not a mitigating circumstance, the Director notes that respondent has fully cooperated in the Director's investigation.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that respondent John C. Hottinger is indefinitely suspended from the practice of law with no right to apply for reinstatement for a minimum of 18 months, effective 14 days from the date of filing of this order. Respondent shall be reinstated only upon satisfaction of the conditions recited above. Respondent shall pay costs and disbursements in the amount of $900 under Rule 24, RLPR, and shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).

BY THE COURT:

/s/Helen M. Meyer
Associate Justice