**In re Petition for REINSTATEMENT to the Practice of Law OF John C. HOTTINGER, Registration No. 4734X.**

**No. A10–1071.**

Supreme Court of Minnesota.

Jan. 12, 2011.

ORDER

On May 16, 2007, we indefinitely suspended petitioner John C. Hottinger from the practice of law with no right to petition for reinstatement for a minimum of 18 months. *In re Hottinger,* 731 N.W.2d 827, 828 (Minn.2007). Petitioner applied for reinstatement in June 2010 and a hearing was held before a panel of the Lawyers Professional Responsibility Board. The panel found that petitioner has proven by clear and convincing evidence that he is competent and morally fit to resume the practice of law. *See In re Swanson,* 343 N.W.2d 662, 664 (Minn.1984). The panel further found that petitioner has complied with Rule 26, Rules on Lawyers Professional Responsibility (RLPR), paid costs under Rule 24, RLPR, successfully completed the professional responsibility portion of the state bar examination, and is current with continuing legal education requirements. The panel recommends that petitioner be reinstated to the practice of law and placed on unsupervised probation for two years subject to additional conditions. Petitioner and the Director accept the panel's recommendation.

The court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that, effective immediately, petitioner John C. Hot-

tinger is reinstated to the practice of law and placed on probation for a period of two years, subject to the following terms and conditions:

(a) Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Petitioner shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Petitioner shall promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Director's investigation of any allegations of professional misconduct that may come to the Director's attention. Upon the Director's request, petitioner shall authorize the release of information and documentation to verify his compliance with the terms of probation.

(b) Petitioner shall abide by the Minnesota Rules of Professional Conduct.

(c) If petitioner engages in the private practice of law, petitioner shall maintain law office books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, bank statements, canceled checks, duplicate deposit slips, and bank reports of interest and service charges. Such books and records shall be made available to the Director at such intervals as the Director deems necessary to determine compliance.

(d) Petitioner shall notify the Director within 30 days of opening a lawyer trust account or becoming a signatory on another lawyer trust account, and shall maintain trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1, including bank reports of interest payments to the Minnesota IOLTA program. Petitioner

shall make the trust account books and records, and associated law office books and records, available to the Director at such intervals as the Director deems necessary to determine compliance.

BY THE COURT:

/s/Alan C. Page
Associate Justice